UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nicholas Queen, # 29623-037, | C/A No. 2:12-676-SB-BHH |
| Plaintiff, | |
| vs. | **Report and Recommendation** |
| Federal Bureau of Prisons;<br>Mrs. Edwards;<br>Mr. Kominskey;<br>Mr. J. Swan;<br>Mr. Harding;<br>Mrs. Outlaw;<br>Mrs. Stonebreaker;<br>Mr. A. Row;<br>Mrs. Jenkins;<br>Mr. Davis, | |
| Defendants. | |

## *Background of this Case*

At the time Plaintiff filed this case , he was a federal inmate at FCI-Bennettsville, a facility of the Federal Bureau of Prisons ("BOP") in Bennettsville, South Carolina. Subsequent to the filing of this case, Plaintiff was transferred to another federal correctional institution. Plaintiff is now an inmate at the United States Penitentiary in Coleman, Florida. Plaintiff is serving a sentence of 562 months for bank robbery. He was sentenced on September 30, 1994, in the United States District Court for the District of Maryland.

In the caption of the Complaint, Plaintiff indicates that this is a suit under the Privacy Act. On page 4 of the Complaint, Plaintiff states that "[e]xhaustion of remedies is futile" because he seeks only monetary damages, which are not available from the prison grievance procedure. In his Answers to Court's Special Interrogatories (ECF No. 10), Plaintiff indicates that he has exhausted his administrative remedies in the Bureau of Prisons.

In the Complaint, Plaintiff alleges: *(1)* Plaintiff's federal prison file is "inaccurate" with respect to the commitment order issued by the United States District Court for the District of Maryland in Criminal No. 1:93-CR-0366 on October 7, 1994; *(2)* the United States District Court for the District of Maryland issued an amended order of commitment on June 1, 1998; *(3)* "[n]othing was said in the June 1, 1998, amendment about the Plaintiff being placed in any type of federal custody[;]" *(4)* the above-captioned case should not be construed as a habeas corpus action because Plaintiff is seeking damages for Defendants' failure "take steps to maintain accuracy of information to assure to him fairness by making their determination to keep Plaintiff in federal custody[;]" *(5)* on August 5, 2009, Plaintiff was placed at FCI-Bennettsville when Defendants "each participated as a unit team member over Plaintiff's prison files during his stay at the institution[;]" and *(6)* Defendants have willfully and intentionally failed to maintain Plaintiff's prison files in accordance with Section e(5) and Section (g)(1)(c) of the Privacy Act "by not assuring that Plaintiff's current custody in the (BOP) is the intention of the federal sentencing court, making a determination to keep Plaintiff in federal custody." Plaintiff seeks eighty-six thousand dollars in compensation, twenty million dollars in punitive damages for malicious behavior, and individual punitive damages of twenty thousand dollars from each Defendant.

*Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint and Plaintiff's Answers to Court's Special Interrogatories pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1951–52 (2009). Even when considered under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The Privacy Act is not applicable to the Federal Bureau of Prisons. *Jefferson v. Fed. Bureau of Prisons*, 657 F. Supp. 2d 43, 47 (D.D.C. 2009). The Privacy Act requires a federal agency or department to "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5). Under the Privacy Act, an individual may bring an action against a federal agency for damages if the agency willfully or intentionally failed to maintain the individual's records in an appropriate manner. *See* 5 U.S.C. § 552a(g)(1)(c), (g)(4). In 2002, however, the Congress amended the Privacy Act to exempt the BOP's inmate records from liability under the Privacy Act. 28 C.F.R. § 16.97(j). The BOP, in compliance with the provisions of the Privacy Act, promulgated regulations exempting its Inmate Central Records System from the remedial provisions of the Act. *See* 5 U.S.C. § 552a(e)(5), (g); 28 C.F.R. § 16.97(a)(4), (j); and *Flores v. Fox,* No. 09-40159, 394 Fed. Appx. 170, 2010 U.S. App. LEXIS 18997, 2010 WL 3522035, at *1 (5th Cir. Sept. 10, 2010), *cert. denied*, 179 L. Ed. 2d 665, 131 S. Ct. 1797 (2011), which cites *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) (affirming dismissal of Privacy Act claim for damages because records exempt from accuracy provisions). Even if Plaintiff were able to establish an inaccuracy in his prison record, the record itself is exempt from the provisions of the Privacy Act and relief would not be available. *Mota v. Corr. Corp. of America*, Civil Action No. 5:11-cv-92-DCB-RHW, 2012 U.S. Dist. LEXIS 9724, 2012 WL

259858, at *8 (S.D. Miss. Jan. 27, 2012) ("The BOP, in compliance with the provisions of the Privacy Act, promulgated regulations exempting its Inmate Central Records System from the remedial provisions of the Act.").

Plaintiff's claims under the Privacy Act against the individual Defendants also fail. See *Martinez v. Bureau of Prisons*, 444 F.3d at 624, where the Court noted:

> Appellant contends that the district court erred in dismissing all named defendants except the BOP, in construing the complaint to raise claims only under the Privacy Act and FOIA, and in denying relief. For the following reasons, we disagree.
>
> First, the district court properly dismissed the named individual defendants because no cause of action exists that would entitle appellant to relief from them under the Privacy Act or FOIA. *See Deters v. U.S. Parole Comm'n*, 318 U.S. App. D.C. 89, 85 F.3d 655, 657 (D.C. Cir. 1996); 5 U.S.C. § 552(a)(4)(B) (authorizing suit against an "agency") 5 U.S.C. § 552a(g)(1) (same); *see also Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987). Both statutes concern the obligations of agencies as distinct from individual employees in those agencies.

*Martinez v. Bureau of Prisons*, 444 F.3d at 624.

Plaintiff's Privacy Act claims in this case are also barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Anderson v. Lappin*, No. 5:09-HC-2071-BO, 2010 U.S. Dist. LEXIS 82483, 2010 WL 3063235, at *1 & n. 1 (E.D.N.C. Aug. 4, 2010); and *Eubanks v. United States*, Civil Action No. 2:09cv126, 2010 U.S. Dist. LEXIS 27029, 2010 WL 1141436, at*2 (N.D.W.Va. Jan. 12, 2010) ("Here, the plaintiff's sentence calculation has never been invalidated. Therefore, he is barred by *Heck* from seeking damages for the alleged miscalculation of his sentence and his complaint should be dismissed."), *adopted*, 2010 U.S. Dist. LEXIS 27028, 2010 WL 1141437 (N.D.W.Va. March 22, 2010), *aff'd*,

*Eubanks v. United States*, No. 10-1412, 405 Fed.Appx. 796, 2010 U.S. App. LEXIS 26080, 2010 WL 5392813 (4th Cir. Dec. 22, 2010). The district court in *Eubanks* also noted that the holding in *Heck v. Humphrey* "is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit." 2010 WL 1141436 at *2.

The United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The bar of sovereign immunity cannot be avoided by naming officers or employees as defendants. *Gilbert v. Da Grossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). *Cf. Hawaii v. Gordon*, 373 U.S. 57, 58 (1963). Similarly, the bar of sovereign immunity cannot be avoided by the filing of a suit against a federal agency or a federal department, such as the Federal Bureau of Prisons. *See Rice v. Nat'l Sec. Council*, 244 F. Supp. 2d 594, 599 (D.S.C. 2002). Also, the United States and its departments or agencies cannot be sued under the *Bivens* doctrine.[2] *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extend *Bivens* remedy to federal agencies).

As pointed out in the Report and Recommendation (ECF No. 11) filed on October 18, 2011, in *Nicholas Queen v. Darlene Drew*, Civil Action No. 2:11-2573-TMC-BHH, which was adopted by the District Court on January 12, 2012, Plaintiff's claims relating to his sentence calculation have already been decided adversely to him by the United States District Court for the District of Maryland and the United States

---

[2] In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. *Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits.

Court of Appeals for the Fourth Circuit. See *United States v. Queen*, No. 99-7471, 208 F.3d 211 [Table], 2000 U.S. App. LEXIS 4050, 2000 WL 281700 (4th Cir. March 16, 2000):

> *PER CURIAM.*
>
> Nicholas James Queen appeals the district court's order denying his Fed.R.Civ.P. 60(b)(4) motion requesting immediate release from federal incarceration. Because the claims raised in the motion do not fall within the parameters of Rule 60(b), we affirm. To the extent that Queen challenges federal authorities' power to take custody of him after his release from state custody, that claim should be raised in a 28 U.S.C.A. § 2241 (West Supp.1999) motion brought in the district of confinement. To the extent that Queen objects to the district court's letter to the Bureau of Prisons clarifying that the court's intent was that Queen's federal sentence run concurrently with his state sentence, we note that the letter did not amend or modify Queen's original sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

2000 WL 281700 at *1.[3]

The docket sheet in 1:93-cr-00366-WMN-1 also shows that on July 25, 2005, Plaintiff filed, in the District of Maryland, a "MOTION to Vacate the Court's October 7th, 1994 Judgment as Void, the Court's June 8th, 2004, Judgment as Mistake, and the Court's September 30, 1994, Judgment as Mistake, Pursuant to Rule 60(b)" (Docket Entry No. 184). That motion was denied on August 31, 2006 (Docket Entry No. 192 and Docket Entry No. 193).

Plaintiff also presented his claims to the United States District Court for the Eastern District of California prior to his transfer to FCI-Bennettsville. *See Queen v. Rios*, No.

---

[3] The letter from the United States District Court for the District of Maryland to the Federal Bureau of Prisons is referenced in Docket Entry No. 126 (June 1, 1998) in Criminal No. 1:93-cr-00366-WMN-1 (D. Md.).

7

1:09-cv-01224-SKO-HC, 2011 U.S. Dist. LEXIS 14359, 2011 WL 475066 (E.D. Cal. Feb. 4, 2011), which had been filed by Plaintiff in 2009, when he was confined at USP Atwater. The district court in California noted that the United States District Court for the Middle District of Pennsylvania had found that Plaintiff was not prejudiced by his transfer to Maryland state officials in 1994 because the Federal Bureau of Prisons gave Petitioner "continuous credit" for his state and federal sentences:

> The Court takes judicial notice of the docket and docketed orders in *Nicholas J. Queen v. Donald Romine, Warden*, 3:98-cv-02074-RPC-JVW, a proceeding in the United States District Court, Middle District of Pennsylvania. The full text of the Court's order of January 21, 2000, denying the petition for writ of habeas corpus is not available in the PACER electronic docket system. However, the docket reflects that Petitioner appealed from the judgment after an unsuccessful motion for a new trial that was construed as a motion for reconsideration. (Docs. 19-21, 23-29.) After the judgment was affirmed on appeal, Petitioner moved in the District Court for relief from the judgment pursuant to Fed.R.Civ.P. 60(b) on November 29, 2001. (Doc. 30.)
>
> The documents subject to judicial notice establish that the District Court for the Middle District of Pennsylvania determined the legality of Petitioner's detention with respect to Petitioner's claim concerning a right to release based on the piecemeal service of his sentence. In his Rule 60(b) motion in the District Court for the Middle District of Pennsylvania, Petitioner attached portions of the court's order of January 21, 2000, in which the court had denied the petition. (Doc. 30, 5, 10-12.) He also described the order in a subsequent motion. (Doc. 47, 3.)
>
> The portions of the order set forth in Petitioner's Rule 60(b) motion reflect that the District Court concluded that Petitioner's federal and state sentences were intended to be served concurrently. Petitioner received continuous credit toward service of his federal sentence from September 30, 1994, the date sentence was imposed, as well as credit on his federal sentence for all time spent in pre-trial detention on state charges, from June 4, 1993, through September 19, 1993.

8

> Petitioner had argued in the petition that his return to Maryland state custody on December 16, 1994, was improper because it caused him to serve his federal sentence in a piecemeal fashion, and it warranted immediate release. The court concluded that Petitioner was in federal custody via a writ of habeas corpus ad prosequendum when sentenced in federal court; the state retained primary jurisdiction of Petitioner, so his placement in federal prison in October 1994 was erroneous and did not constitute commencement of service of his federal sentence. Therefore, when Petitioner was returned to federal custody, there was no piecemeal service of the federal sentence. (Doc. 30, 10-12; doc. 47, 3.)

2011 WL 475066 at *2-*3 (footnote omitted).

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the Notice on the next page.

April 17, 2012  s/Bruce Howe Hendricks
Charleston, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).