UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nicholas Queen, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:12-676-SB |
| v. | ) | |
| | ) | **ORDER** |
| Federal Bureau of Prisons; | ) | |
| Mrs. Edwards; | ) | |
| Mr. Kominskey; | ) | |
| Mr. J. Swan; | ) | |
| Mrs. Outlaw; | ) | |
| Mrs. Stonebreaker; | ) | |
| Mr. A. Row; | ) | |
| Mrs. Jenkins; | ) | |
| Mr. Davis, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court upon the Plaintiff's pro se complaint, which he indicates is filed pursuant to the Privacy Act, 5 U.S.C. § 552 (a)(e)(5). When the Plaintiff filed this case, he was an inmate at FCI-Bennettsville, a facility of the Federal Bureau of Prisons ("BOP") in Bennettsville, South Carolina. Subsequently, the Plaintiff was transferred, and he is currently a federal inmate in Coleman, Florida. The Plaintiff is serving a sentence of 562 months for bank robbery, a sentence he received on September 30, 1994, in the United States District Court for the District of Maryland.

On April 17, 2012, United States Magistrate Judge Bruce H. Hendricks issued a report and recommendation ("R&R") in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), recommending that the Court dismiss the Plaintiff's case without prejudice and without service of process based on the fact that the Privacy Act is not applicable to the Federal Bureau of Prisons. <u>See, e.g., Jefferson v. Fed. Bureau of</u>

Prisons, 657 F. Supp. 2d 43, 47 (D.D.C. 2009) (dismissing a Privacy Act claim against the Bureau of Prisons); Martinez v. Bureau of Prisons, 444 F.3d 620, 624 (D.C. Cir. 2006) (affirming the district court's dismissal of the named individual defendants and the BOP in a Privacy Act suit and stating that "[t]he BOP has exempted its Inmate Central Record System from the accuracy provisions of the Privacy Act") (citing 5 U.S.C. § 552a(e)(5) and 28 C.F.R. § 16.97(j)). The Magistrate Judge also relied on the United States Supreme Court's opinion in Heck v. Humphrey, 512 U.S. 477 (1994), finding that the Plaintiff's complaint was subject to dismissal because the Plaintiff failed to establish that his convictions have been reversed or otherwise invalidated.[1]

The Plaintiff filed written objections to the R&R, arguing that the BOP and the individual Defendants have consented to liability under the Privacy Act. In addition, he seeks "to amend his Privacy Act suit against that of the defendants for violating Operations Memorandum No. 068-93 (5820) by failing to take steps pursuant to title 42 U.S.C. 1983, in the instant case to assure that he was to return to federal custody upon completion of the state sentence." (Entry 17 at 3.) The Plaintiff also points out that he is not seeking to challenge the calculation of his sentence.

Under the Privacy Act, an individual may bring an action against a federal agency for damages if the agency willfully or intentionally failed to maintain the individual's records in an appropriate manner. See 5 U.S.C. § 552(a)(g)(1)(c), (g)(4). In 2002, however, the

---

[1] In fact, as the Magistrate Judge pointed out in the R&R, any of the Plaintiff's claims relating to his sentence calculation have already been decided adversely to him by the United States District Court for the District of Maryland and the United States Court of Appeals for the Fourth Circuit. See United States v. Queen, No. 99-7471, 208 F.3d 211 (4 th Cir. 2000) (table).

Congress amended the Privacy Act to exempt the BOP's inmate records from liability under the Privacy Act. 28 C.F.R. § 16.97(j). The BOP, in compliance with the provisions of the Privacy Act, promulgated regulations exempting its Inmate Central Records System from the remedial provisions of the Act. See 5 U.S.C. § 552(a)(e)(5), (g); 28 C.F.R. § 16.97(a)(4), (j).

After a review of the record, the Court finds the Plaintiff's objections to be without merit. Not only does the Plaintiff fail to identify any legal error in the R&R, but also, he fails to identify any violation of a Constitutional right. Moreover, to the extent the Plaintiff seeks to amend his complaint, the Court finds that such amendment would be futile under the circumstances. Here, the Court finds that the Magistrate Judge correctly summarized the facts and applied the correct legal standards; therefore, the Court agrees with the Magistrate Judge that dismissal of the Plaintiff's complaint without prejudice and without service of process is appropriate under the circumstances.

Based on the foregoing, it is hereby

**ORDERED** that the R&R (Entry 15) is adopted and incorporated herein; the Plaintiff's objections (Entry 17) are overruled; and the Plaintiff's complaint is dismissed without prejudice and without service of process.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

June 7 , 2012
Charleston, South Carolina

3